Taeiaeerro, J.
The plaintiffs allege that the defendant and John W. Combs, a resident of the State of Kentucky, were commercial partners, trading in slaves, horses and mules, in the year 1857 and 1858. That during that period, they furnished Moore and Combs merchandise of various kinds, needed and suitable for their business. A running account is shown extending from July, 1857, to the middle of April, 1858, amount-ing to $2,586 06, reduced by credits to $596 06, tho balance for which, with five per cent, interest from the 15th of April, 1858, this suit is brought.
The answer is a general denial.
Plaintiffs had judgment, and defendants appealed.
A bill of exceptions” was taken to the admission of the testimony of Eieetwood, a witness, on the ground that before the commission issued, under which the evidence was taken, Roth, one of the plain tiffs, had died, and his widow and his heirs made parties after the commission issued, all the parties to the suit were not before the Court, when tlie commission was taken out.
The Court a quo, we think, properly overruled tlie exception, for tho reason that the defendant had been served with a copy of the interroga* tories, and, besides, that the irregularity objected to, could only be urged by the widow and legal representatives of the deceased plaintiff.
It appears that, on the books of Roth & Deblieux, the account sued ■ upon was kept against Combs alone, and it is shown that a note was given by Combs to the firm of Roth & Deblieux, on the 3d of June, 1858, for six hundred and fifty-two dollars and eighty-six cents, with interest from the 1st of April, 1858. This note, it is admitted by plaintiff, was taken in liquidation of the account sued upon. A witness, who had been a clerk in the store of the plaintiff, testifies that they had on their books an account of eight dollars charged to Moore & Combs, and that this account was carried into the account of J. ~W. Combs. Two other mercantile establishments in Plaquemine charged goods to Combs & Moore. It is argued that these facts show the dealings of Roth & Deblieux to have been with J. W. Combs alone, and that they accepted his separate note in payment of those dealings.
Against this view of the case the evidence, in behalf of the plaintiffs, leaves no reasonable doubt that the goods furnished by them, inured to the benefit of the partnership of Moore & Combs.
The note for $652 86 was deposited in the Cpurt,
*87 The existence of the partnership is proved beyond a doubt. The personal responsibility of the defendant, for the partnership engagements, follows as a legal consequence.
It is therefore ordered, adjudged and decreed, that the judgment of the. District Court be affirmed, with costs.
Labattve, ,T. recused.